UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYMON KINCAID,

       Petitioner,

                                   CASE NO. 2:21-CV-10574
v.                                  HON. LINDA V. PARKER

SHERMAN CAMPBELL,

       Respondent.
_____/

**OPINION & ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
& DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I.    Introduction

Waymon Kincaid ("Petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his parole revocation.   Petitioner was convicted of second-degree murder and sentenced to a parolable life term in 1976.   He was released on parole in 2016, but his parole was revoked in 2018.   In his petition, he asserts that he was denied his state and federal procedural and fundamental due process rights during the parole revocation process.   (ECF No. 1.)

Having reviewed the matter, and for the reasons stated herein, the Court

finds that Petitioner is not entitled to habeas relief on his claims and denies the

petition.   The Court also denies a certificate of appealability and denies leave to

proceed *in forma pauperis* on appeal.

## II.   Facts and Procedural History

The Lenawee County Circuit Court succinctly summarized the underlying

facts of this case as follows:

> Petitioner was convicted of second degree murder in Wayne County in
> 1976, and sentenced to life with the possibility of parole. In December
> 2016, Petitioner was granted parole. A little over a year later, on April
> 24, 2018, Petitioner was arrested following a traffic stop wherein
> officers found heroin in the vehicle. Petitioner's parole was revoked
> following hearing on the allegation that he was in possession of heroin,
> in addition to subsequently issued allegations that he also possessed a
> firearm, and associated with an individual whom he knew possessed a
> firearm.

*Kincaid v. Campbell*, No. 19-6409-AH, *1 (Wayne Co. Cir. Ct. March 18, 2020);

(ECF No. 1 at PageID. 48.)   On April 25, 2019, the Michigan Parole Board

imposed a 60-month return to prison on the parole violations.   (*See id*. at PageID.

71.)

Petitioner did not seek review of the revocation decision under the

Administrative Procedures Act, Mich. Comp. Laws § 24.201 *et seq*., in the state

circuit court.   Rather, through counsel, he filed a state habeas petition in the

Lenawee County Circuit Court pursuant to Mich. Comp. Laws § 600.301 *et seq*.,

and Michigan Court Rule 3.303, asserting that: (1) he was "effectively" denied counsel due to a prison transfer during the parole revocation proceedings; (2) the parole revocation preliminary hearing was late; (3) he was denied counsel at the preliminary hearing; (4) the parole revocation hearing was late; (5) there was a delay in arraignment on the additional firearm counts; (6) he and his counsel were denied reasonable preparation time due to his prison transfer; and (7) the Michigan Parole Board's findings and decision were late.   (*See* ECF No. 7-1.)   The court denied relief on those claims on procedural and substantive grounds.   *See Kincaid*, No. 19-6409-AH, at *1-4; (ECF No. 1 at PageID. 48-51.)

Petitioner then filed a *pro se* original habeas complaint with the Michigan Court of Appeals alleging that: (1) he was denied his right to retained counsel at his preliminary parole hearing; (2) he was denied a preliminary parole hearing on Counts 1 and 2 of his parole violation charges based upon an alleged waiver; (3) he was denied relevant discovery before and during his preliminary parole hearing on Counts 3, 4, and 5 which hindered his defense; (4) his due process rights were violated when the Administrative Law Judge advised the State's representative to alter the summary hearing report of the preliminary hearing to reflect a finding that never occurred; and (5) the parole revocation hearing was not held within 45 days. (*See* ECF No. 7-5 at PageID. 296, 305, 309, 315, 318.)   The court denied the

3

complaint in a standard order without explanation.   *See In re Kincaid*, No. 354161 (Mich. Ct. App. Oct. 2, 2020); (*see also id*. at PageID. 280.)   Petitioner then had 42 days to timely file an application for leave to appeal with the Michigan Supreme Court.   *See* Mich. Ct. R.   7.305(C)(2).   He did not do so.   His application was rejected because it was received three days late.   (*See* ECF No. 1 at PageID. 55.)

Petitioner thereafter filed his federal habeas petition raising the first four claims presented to the Michigan Court of Appeals as grounds for relief.   (*See id.* at PageID. 16, 26, 32, 37.)   Respondent filed an answer to the petition contending that it should be denied because the claims are procedurally defaulted and lack merit.   (*See* ECF No. 6.)   Petitioner filed a reply to that answer asserting that his claims should not be defaulted and that they warrant federal habeas relief.   (ECF No. 10.)

### III.   Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date.   *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).   The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'"  *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520

(2003) (alterations added) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.   However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.   The state court's application must have been 'objectively unreasonable.'"   *Wiggins*, 539 U.S. at 520-21 (alterations added) (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'"   *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n.7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."   *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (alteration added) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).   The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."   *Id.* at 102 (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)).

A habeas court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. Thus, to obtain federal habeas relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014).

Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, 576 U.S. 113, 118 (2016).

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with 'clearly established' federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556

U.S. 111, 122 (2009) (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-126 (2008) (per curiam)) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court"); *Lockyer*, 538 U.S. at 71-72.   Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"   *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases—indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (emphasis in original) (alterations added); *see also Mitchell*, 540 U.S. at 16.

The requirements of "clearly established law" are to be determined solely by Supreme Court precedent.   Thus, federal circuit or district court cases do not constitute clearly established Supreme Court law and cannot provide the basis for federal habeas relief.   *See Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam).   The decisions of lower federal courts, however, may be useful in assessing the reasonableness of a state court's decision.   *See Stewart v. Erwin*, 503 F.3d 488,

493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review.   *See* 28 U.S.C. § 2254(e)(1).   A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).   Habeas review is also "limited to the record that was before the state court."   *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV.   Discussion

### A.   Procedural Default

A prisoner filing a habeas petition under 28 U.S.C. § 2254 must first exhaust state remedies.   *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).   To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts.   *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*).   The claims must also be presented to the state courts as federal

constitutional issues.   *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).

For Michigan prisoners, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).   While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review.   *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987).   The burden is on the petitioner to prove exhaustion.   *See Rust*, 17 F.3d at 160.

Here, Petitioner did not fully and properly exhaust his habeas claims in the state courts.   He did not pursue an appeal of the parole revocation decision in the state circuit court under the Administrative Procedures Act and he failed to timely seek leave to appeal the Michigan Court of Appeals' decision denying state habeas relief with the Michigan Supreme Court.   Consequently, his claims are unexhausted.

Petitioner no longer has an available means by which to exhaust his claims. Any appeal under the Administrative Procedures Act would be untimely, *see* Mich. Comp. Laws § 24.304(1) (appeal to circuit court must be filed within 60 days of parole revocation decision), a motion for relief from judgment only applies to underlying convictions and sentences, *see* Mich. Ct. R. 6.500 *et seq.,*

and state habeas relief has already been denied.   Because Petitioner has not

properly exhausted his habeas claims in the state courts and no longer has an

available remedy by which to do so, his claims are now defaulted.   When a

habeas petitioner fails to properly present a claim to the state courts and is barred

from pursuing further relief under state law, he or she has procedurally defaulted

that claim for purposes of federal habeas review.   *See Gray v. Netherland*, 518

U.S. 152, 161-62 (1996); *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009)

(citing *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002)).

Federal habeas relief is precluded on claims which have not been presented

to the state courts in accordance with the state's procedural rules.   *See*

*Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977).   A state prisoner who fails to

comply with a state's procedural rules waives the right to federal habeas review

absent a showing of cause for noncompliance and actual prejudice resulting from

the alleged constitutional violation, or a showing of a fundamental miscarriage of

justice.   *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Nields v.*

*Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Gravley v. Mills*, 87 F.3d 779, 784-85

(6th Cir. 1996).

To establish cause, a petitioner must establish that some external

impediment frustrated his or her ability to comply with the state's procedural rule.

11

*See Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner must present a substantial reason to excuse the default. *See Amadeo v. Zant*, 486 U.S. 214, 223 (1988). Such reasons include interference by officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim was not reasonably available. *See McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991).

In this case, Petitioner cites prison Covid cases, including his own, associated lockdowns and quarantines, and prison and postal mailing delays as cause to excuse his failure to timely seek leave to appeal with the Michigan Supreme Court. (*See* ECF No. 10 at PageID. 473-75.) Petitioner's general claims about prison Covid cases and associated lockdowns and quarantines with limited law library access do not establish cause to excuse his default. Lockdowns, segregation, and limited law library access are normal aspects of prison life. *See, e.g.*, *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011) (rejecting petitioner's argument that he was entitled to equitable tolling due to his *pro se* status and limited access to law library and legal materials); *United States v. Cherry*, No. 04-90040, 2010 WL 3958679, at *2 (E.D. Mich. Oct. 8, 2010) (citing cases holding that lack of access to personal legal

materials during prison lockdowns, transfers, and administrative segregation is not an extraordinary circumstance).

While the pandemic itself is certainly extraordinary, Petitioner fails to explain with any specificity how prison Covid cases, his own illness, lockdowns, segregation, and limited law library access affected his ability to prepare and timely file his application for leave to appeal with the Michigan Supreme Court during the relevant 42-day time period from October 2, 2020 to November 13, 2020.   Consequently, he fails to demonstrate cause to excuse his default.   *See, e.g.*, *Andrews v. United States*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. 2017) (denying a certificate of appealability on statute of limitations dismissal where petitioner failed to timely file a § 2255 motion because although he was in segregation for eight months without his legal property, he did not explain how he diligently pursued his rights during those months, when his legal materials were returned to him, or how it delayed his filing); *Holt v. Mays*, No. 1:21-cv-01168-JBD-JAY, 2023 WL 2416395, at *4 (W.D. Tenn. Feb. 13, 2023) (finding prisoner's "bald assertion" that the pandemic prevented him from exhausting his claims was insufficient to show cause to excuse his default); *Scott v. Warden*, No. 2:21-CV-04996, 2022 WL 1186184, *7 (S.D. Ohio April 21, 2022), *R & R adopted*, No. 2:21-CV-4996, 2023 WL 2918022 (S.D. Ohio April 12, 2023)

13

(finding prisoner's general Covid-related allegations did not excuse procedural default); *United States v. West*, No. 4-18-cr-737, 2022 WL 44670, at *3-4 (N.D. Ohio Jan. 5, 2022) (citing cases and ruling that petitioner was not entitled to equitable tolling where he only made general allegation about pandemic-related lockdown and lack of law library access); *Shoening v. Christianson*, No. 2:21-cv-11955, 2021 WL 4290242, at *3-4 (E.D. Mich. Sept. 21, 2021) (same); *Mahan v. Steward*, No. 1:21-cv-90, 2021 WL 776989, at *1-2 (W.D. Mich. March 1, 2021) (rejecting equitable tolling where prisoner failed to show how pandemic and restricted library access prevented him from timely filing habeas petition); *Chapman-Sexton v. United States*, No. 2:16-cr-141, 2021 WL 292027, at *3 (S.D. Ohio Jan. 28, 2021) ("The record does not indicate that the impact of any extraordinary circumstances imposed by COVID-19 prevented Petitioner from timely filing.").

Conclusory allegations are insufficient on habeas review. *See, e.g.*, *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (holding that conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Wogenstahl v. Mitchell*, 668 F.3d 307, 335-36 (6th Cir. 2012) (citing *Workman* and denying habeas relief on conclusory claims); *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (holding that bald assertions and conclusory

allegations do not provide a basis for an evidentiary hearing on habeas review). Petitioner fails to allege sufficient facts to show that Covid-related prison conditions precluded him from timely filing his application for leave to appeal with the Michigan Supreme Court.[1]

Petitioner's related allegations about prison and postal mailing delays are similarly unavailing.   As an initial matter, Petitioner asserts that he should be given the benefit of the prison mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 276 (1988), with respect to his rejected late application because the mailing was dated on the due date of November 13, 2020.   At the time of that mailing, however, the Michigan courts did not apply the prison mailbox rule in civil cases. (*See* ECF No. 1 at PageID. 55 (citing Mich. Ct. R. 7.305(C)(5) and rejecting application).)[2]   The state court's determination as to its own rules is binding on federal habeas review.   *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal

---

[1]  The Court notes that an application for leave to appeal is not a complicated form/pleading to prepare.   This is particularly true where, as here, the underlying substance of the application would be the same as the habeas complaint filed with the Michigan Court of Appeals.

[2]  Michigan has since expanded the prison mailbox rule to all pleadings filed by unrepresented incarcerated individuals.   *See* Mich. Ct. R. 1.112 (eff. Sept. 1, 2021) (pleadings are deemed timely when "deposited in the institution's outgoing mail on or before the filing deadline").

habeas corpus relief does not lie for errors of state law"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). The Court may not apply the federal mailbox rule to Petitioner's state court filing. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review.").

That being said, a State's strict filing deadline rule which precludes untimely submissions does not prevent a federal court from excusing that state procedural default on habeas review upon a proper showing of cause and prejudice or a fundamental miscarriage of justice. *See, e.g.*, *Henderson v. Palmer*, 730 F.3d 554, 560 (6th Cir. 2013); *Maples v. Stegall*, 340 F.3d 433, 439 (6th Cir. 2003)). In such cases, cause "sufficient to excuse a procedural default based upon a late filing" is established when a *pro se* prisoner shows that he attempted "to deliver his petition for mailing in sufficient time for it to arrive timely in the normal course of events." *Henderson*, 730 F.3d at 560 (quoting *Maples*, 340 F.3d at 439). The United States Court of Appeals for the Sixth Circuit has ruled that a prisoner meets this requirement when he or she gives legal pleadings to prison officials for mailing at least five days before the applicable court deadline. *Id.*; *see also Foster v. Warden, Chilllicothe Corr. Inst.*, 575 F.

App'x 650, 654 (6th Cir. 2014) (citing *Maples*, 340 F.3d at 439).

In this case, Petitioner states that he gave his application to his unit counselor on November 10, 2020, with the expectation that it would be forwarded to the business office for a check by November 11, 2020, and then forwarded to the mailroom for mailing on November 12, 2020. (*See* ECF No. 10 at PageID. 474.) Thus, by his own estimates, he was only allowing the post office one day to receive, process, and deliver his application to the Michigan Supreme Court by the filing deadline on November 13, 2020. Even under normal, *i.e.*, non-pandemic, circumstances, such an expectation is unrealistic.

Accepting Petitioner's claim that he gave his application to his unit counselor on November 10, 2020, and the fact that his mailing envelope was dated on November 13, 2020, and received by the Michigan Supreme Court on November 16, 2020, (*see* ECF No. 1 at PageID. 55), the Court finds that the six-day time frame for processing his application through the prison system and the postal system was neither unusual nor extraordinary. By his own admission, Petitioner gave his application to prison officials for processing (not even actual mailing) only three days before the filing deadline. Under such circumstances, as well as the lack of evidence indicating that prison officials or the post office were dilatory in processing his mail, the Court concludes that Petitioner fails to

17

establish cause to excuse his procedural default.   *See, e.g.*, *Lee v. Davis*, No. 07-13782-BC, 2010 WL 3070060, at *3 (E.D. Mich. Aug. 3, 2010) (holding that petitioner failed to establish cause for his procedural default where he gave pleadings to prison officials for mailing two days before the filing deadline); *see also Love v. Warden, Ross Corr. Inst.*, No. 2-16-cv-19, 2017 WL 2728597, at *3 (S.D. Ohio June 26, 2017) (same); *Merry v. LaRose*, No. 5:13-cv-1374, 2015 WL 672038, at *10 (N.D. Ohio Feb. 17, 2015) (holding that petitioner failed to establish cause for his procedural default where he gave prison mailroom officials money to process his pleadings only three days before the filing deadline); *Donnal v. Sheets*, No. 3:08-cv-932, 2009 WL 3126404, at *3 (N.D. Ohio Sept. 24, 2009) (holding that petitioner failed to establish cause for his procedural default where he delivered his appeal to the prison mail room only three days before the filing deadline).

Lastly, the Court notes that a prisoner's *pro se* status, limited access to legal materials, and lack of knowledge about state court rules do not constitute cause to excuse a procedural default.   *See Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004); *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995); *Robertson v. Abramajtys*, 144 F. Supp. 2d 829, 838 (E.D. Mich. 2001).   Petitioner fails to establish cause to excuse his procedural default.

Because Petitioner fails to establish cause to excuse his default, the Court need not address the issue of prejudice.   *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).   Nonetheless, the Court concludes that even if Petitioner could establish cause, he cannot establish prejudice because his habeas claims lack merit.   *See* discussion *infra*.   Thus, Petitioner fails to establish cause and prejudice to excuse his procedural default.

Lastly, Petitioner fails to demonstrate that a fundamental miscarriage of justice has occurred.   The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of someone who is actually innocent.   *See Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).   To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial (in this case, the parole revocation hearing).   *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).   Actual innocence means factual innocence, not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner makes no such showing.   His claims are thus barred by procedural default, lack merit, and do not warrant habeas relief.

**B.     Merits**

*Counts 1 and 2*

Petitioner, first, asserts that he is entitled to habeas relief because he was denied a preliminary parole hearing on Counts 1 and 2 of his parole violation charges based upon an alleged waiver.   Petitioner raised this claim in his original complaint to the Michigan Court of Appeals, which denied relief in a standard order.   *In re Kincaid*, No. 354161 (Mich. Ct. App. Oct. 2, 2020); (ECF No. 7-5 at PageID. 280.)

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[3]   The Supreme Court has made clear that a parolee charged with a violation that may result in the revocation of parole is entitled to a prompt preliminary hearing before an impartial decision-maker.   *See Morrissey v. Brewer*, 408 U.S. 471, 485-87 (1972).   It is well-established, however, that constitutional rights can be waived. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 314 n.3 (2009).   Waiver is the intentional relinquishment or abandonment of a known right.   *See United States v. Olano*, 507 U.S. 725, 733 (1993).

---

[3]  The Court would reach the same result under a *de novo* standard of review.

In this case, the Michigan Parole Board determined that Petitioner did not request a preliminary hearing on Counts 1 and 2 of the parole violation charges and cited a May 3, 2018 CFJ-168 form, which it found contained "nothing" indicating that Petitioner requested a preliminary hearing.   (ECF No. 1 at PageID. 73.)   That CFJ-168 form notified Petitioner of Counts 1 and 2 of the parole violation charges (the drug charges) and his rights.   The check boxes for waiving the right to a preliminary hearing and for requesting a preliminary hearing are both unmarked, and the form is unsigned.   (*See* ECF No. 17-2 at PageID. 527-28.)[4]

While Petitioner asserts that he verbally requested a preliminary hearing, the record indicates that he neither requested nor waived his right to a preliminary hearing on Counts 1 and 2 on the applicable form.   Petitioner thus had the opportunity to clearly request a preliminary hearing in writing and failed to do so. As such, it was arguably reasonable for the Michigan Parole Board to find that he did not request, abandoned, and/or waived a preliminary hearing on Counts 1 and 2 of the parole violation charges and for the Michigan Court of Appeals to deny

_____

[4]   In contrast, the check box for requesting a preliminary hearing on Counts 3, 4, and 5 of the parole violations charges (the gun charges) on the June 25, 2018 CFJ-168 form is initialed and the form is signed. (*See* ECF No. 17-2 at PageID. 529-30.)

relief on this claim.

Nonetheless, even if Petitioner's due process rights were violated by the failure to conduct a preliminary hearing on Counts 1 and 2 of the parole violation charges, such error was rendered harmless by the final parole revocation hearing on those charges.   *See Edwards v. Edwards*, 817 F.2d 756, 1987 WL 37289, at *1 (6th Cir. 1987) (table) (finding harmless error on federal prisoner's similar claim); *see also Brown v. Jackson*, No. 17-571, 2017 WL 3140902, at *4 (W.D. Mich. July 25, 2017) (citing *Edwards*) ("[A]bsence at the preliminary hearing was cured by . . . presence at the formal revocation hearing."); *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (citing *Frisbie v. Collins, 342 U.S. 519* (1952); *Ker v. Illinois*, 119 U.S. 436 (1886) (it is an "established rule that illegal arrest or detention does not void a subsequent conviction.")).

To be sure, Petitioner does not challenge the validity of the final parole revocation hearing, nor does he allege facts which show that he was prejudiced by the failure to conduct a preliminary hearing on Counts 1 and 2 of the parole violation charges. *See Ellefson v. Solem*, 748 F.2d 443, 444 (8th Cir. 1984) (holding that any error in failing to hold preliminary hearing was harmless where petitioner failed to show prejudice); *Barton v. Malley*, 626 F.2d 151, 159 (10th Cir. 1980) (denying relief on similar claim stating that the petitioner's "present

22

incarceration stems from a decision made after a final revocation hearing, adequate in all respects. Any denial of his right to a preliminary revocation hearing no longer bears on his incarceration"); *Warren v. Gartman*, No. CV 07-1195 MCA/KBM, 2008 WL 11451901, at *3, n.5 (D.N.M. March 21, 2008) (citing cases), *R & R adopted*, 2008 WL 11451459 (D.N.M. June 30, 2008); *Dunlap v. Ledbetter*, No. 05-0258-CV-W-FJG-P, 2005 WL 2138242, at *4 (W.D. Mo. Aug. 31, 2005) (denying relief on similar claim where petitioner failed to show that the outcome of the final revocation hearing would have been different had he been given a preliminary hearing); *Moten v. Dretke*, No. 3:02-CV-2208-G, 2004 WL 1969410, *2 (N.D. Tex. Sept. 7, 2004), *R & R adopted*, 2004 WL 2186729 (N.D. Tex. Sept. 27, 2004) (stating that the petitioner's "present incarceration is the result of the final revocation hearing, and the lack of a preliminary hearing is at most, harmless error"). Habeas relief is not warranted on this claim.

### Counts 3, 4 and 5

Petitioner's remaining claims concern the preliminary hearing conducted on Counts 3, 4, and 5 of the parole violation charges. Specifically, he asserts that he is entitled to habeas relief because he was denied his right to counsel at the preliminary hearing, the Administrative Law Judge advised the State's

23

representative to alter the summary report of the preliminary hearing to reflect a finding that never occurred, and he was denied discovery before and during the preliminary hearing which hindered his defense.   Petitioner raised these claims in his original complaint to the Michigan Court of Appeals, which denied relief in a standard order.   *See In re Kincaid*, No. 354161 (Mich. Ct. App. Oct. 2, 2020); (ECF No. 7-5 at PageID. 280.)

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[5]   The Supreme Court has held that a parolee is entitled to certain procedural protections pursuant to the Due Process Clause at a preliminary parole revocation hearing:

> At the preliminary hearing, a probationer or parolee is entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decisionmaker, and a written report of the hearing.

*Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973) (citing *Morrissey*, 408 U.S. at 487).

Petitioner does not allege that such rights were violated.   Rather, he asserts that he was denied his right to retained counsel at the preliminary parole revocation hearing.   The Supreme Court, however, has refused to find an absolute

---

[5]  The Court would reach the same result under a *de novo* standard of review.

24

right to counsel at a preliminary hearing, or, even final parole revocation hearings, holding that the need for counsel "must be made on a case-by-case basis in the exercise of sound discretion by the state authority charged with responsibility for administering the probation and parole system." *Gagnon*, 411 U.S. at 790. The Supreme Court explained that counsel may be needed where there are "substantial reasons which justified or mitigated the violation and make revocation inappropriate or where the reasons for mitigation are complex or otherwise difficult to develop." *Id.* The Supreme Court stated that the responsible agency should also consider whether the parolee "appears to be capable of speaking effectively for himself." *Id.* at 790-91. Lastly, the Supreme Court noted that when a request for counsel is refused, "the grounds for refusal should be succinctly stated in the record." *Id.* at 791.

Given the decision in *Gagnon*, the Court concludes that Petitioner did not have a federal constitutional right to counsel at his preliminary parole revocation hearing, particularly since he does not allege facts showing a need for counsel at that probable cause hearing and given that he was represented by counsel at the final parole revocation hearing. *See Merlino v. Michigan Dep't of Corr.*, No. 05-73608, 2005 WL 3107740, at *2 (E.D. Mich. Nov. 18, 2005) (denying relief on similar claim in a civil rights case); *Maule v. Crawford*, No. 1:06-CV-236, 2009

25

WL 559876, at *9 (W.D. Mich. Mar. 4, 2009) (same and citing *Merlino*); s*ee also*

*Bell v. Center*, No. 09 CIV.7218 PKC GWG, 2010 WL 2000526, at *8 (S.D.N.Y.

May 18, 2010), *R & R adopted*, 2010 WL 2812981 (S.D.N.Y. July 15, 2010)

(denying habeas relief on similar claim).[6]   Petitioner fails to establish a

constitutional violation or, more importantly for purposes of habeas review, that

the Michigan Court of Appeals' denial of relief on this claim was unreasonable.

Petitioner also asserts that he was denied due process because the

preliminary hearing report was improperly altered to indicate that his request for

counsel at the preliminary hearing had been considered and denied.   (*See* ECF

No. 1 at PageID. 81 (initial report), 85 (amended report)).   The fact that the report

was amended to include additional information, however, does not mean that it

was false or inaccurate.   Nonetheless, while a preliminary hearing report should

be accurate, it cannot be said that a due process violation occurs if it contains

errors or inaccuracies.   The parole revocation decision is not based on the

information presented at the preliminary hearing.   Rather, the purpose of the

preliminary hearing is to determine whether there is probable cause to hold the

---

[6]The Court notes that the revised preliminary hearing report shows that Petitioner's request for counsel at the preliminary hearing was considered and denied because the case did "not meet the criteria set forth in OP 06.06.115 to have an attorney present."   (*See* ECF No. 1 at PageID. 85.)

parolee for the final parole revocation decision by the parole board.   *See Gagnon*,

411 U.S. at 786.   It is the evidence at the final parole revocation hearing that

provides the basis for the parole revocation decision.   *Id*.

In this case, there is no dispute that a final revocation hearing was held, and

Petitioner's parole was revoked based upon the findings at that hearing.

Petitioner fails to show that the "altered" preliminary hearing report, particularly

the amendment at issue, affected the parole revocation decision.   No due process

violation occurred and/or any such error was harmless.   *See Merlino v. Michigan*

*Dep't of Corr.*, No. 05-73608, 2006 WL 176422, at *1 (E.D. Mich. Jan. 24, 2006)

(denying reconsideration on similar claim in a civil rights action).

Petitioner further asserts that his due process rights were violated because

he was denied discovery before and during the preliminary hearing on Counts 3,

4, and 5.   "Rule 6 of the Rules Governing Section 2254 Cases in the United

States District Courts permits a petitioner 'to invoke the processes of discovery

available under the Federal Rules of Civil Procedure if, and to the extent that, the

judge in the exercise of his discretion and for good cause shown grants leave to do

so, but not otherwise.'" *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004)

(citing R. 6 R. Gov. 2254 Cases). "Rule 6 embodies the principle that a court must

provide discovery in a habeas proceeding only 'where specific allegations before

the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief.'" *Id.* (quoting *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)).

Plaintiff has failed to establish good cause to show that he is entitled to discovery.   Petitioner does not allege that he was denied discovery during the final parole revocation hearing process or that counsel was unable to adequately defend him at the final hearing.[7]   As discussed, the purpose of the preliminary hearing is to make a probable cause determination, not to make the parole revocation decision.   Petitioner fails to establish a due process violation.

In sum, any errors at the preliminary hearing on Counts 3, 4, and 5 of the parole violation charges are harmless and/or moot given that Petitioner received a final parole revocation hearing at which he was found guilty on Counts 3 and 4 and acquitted on Count 5.   Petitioner does not challenge the final parole revocation hearing, nor does he allege facts which show that he was actually prejudiced by the claimed preliminary hearing deficiencies.   *See, e.g.*, *Brown v.*

---

[7]  Petitioner's discovery claims appear to involve a confidential informant and allegedly improper police conduct that he believes led him to be targeted for investigation.   Such claims are speculative, fail to show that he was denied a defense at the final revocation hearing, and do not establish his innocence of the parole violation charges.

*Jackson*, No. 1:17-CV-571, 2017 WL 3140902, at *4 (W.D. Mich. July 25, 2017)

(citing cases); *Maule*, 2009 WL 559876, at *10 (holding that failure to produce a

witness at the preliminary hearing did not violate due process where the witness

appeared at the parole revocation hearing); *Merlino*, 2005 WL 3107740 at *3; *see*

*also United States v. Mechanik*, 475 U.S. 66, 73 (1986) ("petit jury's verdict

rendered harmless any conceivable error" in grand jury proceedings); *Pierson v.*

*Palmer*, No. 01-CV-71851-DT, 2002 WL 31236195, *4 (E.D. Mich. Sept. 4,

2002) (citing *Gerstein*, 420 U.S. at 119 (1975)) (ruling that "[a]ny error at the

preliminary hearing has been rendered moot by the formal revocation hearing");

*Kartman v. Parratt*, 397 F. Supp. 531, 533 (D. Neb. 1975), *aff'd*, 535 F.2d 450

(8th Cir. 1976).   Habeas is not warranted on these claims.

Lastly, to the extent that Petitioner asserts violations of Michigan law or

Michigan Department of Corrections policies, he fails to state claims upon which

relief may be granted in this case.   Federal habeas relief does not lie for perceived

errors of state law.   *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not

the province of a federal habeas court to reexamine state-court determinations on

state-law questions"); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) (federal court may

not grant habeas relief for a perceived state law error).   Alleged violations of

state regulations and rules governing parole do not amount to violations of federal

due process rights.  *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994)

(en banc); *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990).   State courts are the

final arbiters of state law and federal courts will not intervene in such matters.

*See Lewis*, 497 U.S. at 780; *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987);

*see also Bradshaw*, 546 U.S. at 76; *Sanford*, 288 F.3d at 860.   Habeas relief is not

warranted on such claims.

## V.    Conclusion

Based upon the foregoing discussion, the Court concludes that Petitioner is

not entitled to federal habeas relief on his claims.   Accordingly, the Court

**DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas

corpus.

Before Petitioner may appeal, a certificate of appealability must issue.   *See*

28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).   A certificate of appealability

may issue only if the petitioner makes "a substantial showing of the denial of a

constitutional right."   28 U.S.C. § 2253(c)(2).   When a court denies relief on the

merits, the substantial showing threshold is met if the petitioner demonstrates that

reasonable jurists would find the court's assessment of the claims debatable or

wrong.   *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).   When a court

denies relief on procedural grounds, a certificate of appealability should issue if it

is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court's procedural ruling was correct.   *See id.* Petitioner makes no such showing as to his claims.   Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).   Accordingly, the Court **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 11, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 11, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

31